UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

$\mathcal{D}/\mathcal{F}$

---------------------------------------x

UNITED STATES OF AMERICA
      -v-

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

WENDY COX

----------------------------------------x

CASE NUMBER:CR-05-481 (ARR)
MILDRED WHALEN, ESQ
16 COURT STREET, 3rd FL.
BROOKLYN, NEW YORK 11241
Defendant's Attorney & Address

THE DEFENDANT:

XXX   pleaded guilty to count one of the indictment.
___   was found guilty on counts          after a plea of not guilty.
     Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a) & 960(b)(3) | IMPORTATION OF COCAINE. | ONE (1) |

The defendant is sentenced as provided in pages 2 through   of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___   The defendant has been found not guilty on count(s)     and is discharged as
     to such count(s).
XXX   Remaining counts are dismissed on the motion of the United States.
XXX   It is ordered that the defendant shall pay to the United States a special
     assessment of $100.00 which shall be due  XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #___NONE_____

Defendant's Date of Birth _6/5/62_____

Defendant's Mailing Address:

_1421 VRYHEID'S LUST_____

_EAST COAST DEMERERE, GUYANA_____

Defendant's Residence Address:

_____( SAME AS ABOVE )_____

_____

_____NOVEMBER 29, 2005_____
Date of Imposition of Sentence

_____
ALLYNE R. ROSS, U.S.D.J.

_____NOVEMBER 29, 2005_____
Date

A TRUE COPY ATTEST
Date:___1/29/05___
ROBERT C. HEINEMANN
CLERK OF COURT
By:_____

DEPUTY CLERK

C/M

Defendant: WENDY COX
Case Number: CR-05-481 (ARR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of time served.

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

　　　　　　　___ at _____a.m./p.m. on _____.
　　　　　　　___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

　　　　　　　___ before 12:00 noon on _____.
　　　　　　　___ as notified by the United States Marshal.
　　　　　　　___ as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

___   The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant:WENDY COX
Case Number:CR-05-481(ARR)

### FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00     , consisting
of a fine of $    N/A         and a special assessment of $ 100.00            .

____    These amounts are the totals of the fines and assessments imposed on individual
counts, as follows:

This sum shall be paid ____ immediately
                      ____ as follows:

XXX    The Court has determined that the defendant does not have the ability to
pay any fines, cost of confinement or supervision.

The interest requirement is waived.
____    The interest requirement is modified as follows:

1          THE COURT:  The parties are in agreement with regard

2     to the guidelines calculation in this case.  The defendant is

3     at a level 13, criminal history Category 1, carrying a

4     guideline range of imprisonment of 12 to 18 months.  The

5     defendant seeks a non-guidelines sentence of time served,

6     while the government urges that a sentence within the

7     guidelines is appropriate.

8          Because the guidelines are low, permitting a

9     sentence effectively as low as ten months incarceration, and

10    because defendant has already served six months imprisonment,

11    the divergence in the party's positions is not great.

12         However, under the circumstances presented here, I

13    do believe a non-guidelines sentence of time served is

14    sufficient but no greater than necessary to serve the goals of

15    sentencing.

16         It is true, that at her proffer session defendant

17    candidly admitted two prior importations.  However, based on

18    the contents of the Presentence report, together with the

19    summary of defendant's business records collected by counsel

20    and submitted to the Court, it appears that there was no

21    reason to believe that any of defendant's prior trips involved

22    drugs, as they were adequately explained by defendant's

23    business purposes, and that it was solely the defendant's own

24    honesty at her proffer session that provided the evidence

25    against her regarding these two trips.

Defendant has worked hard all of her life and under difficult circumstances to provide for herself and her four children. She has been self-sufficient and industrious, building her own business over time.

The current circumstances of defendant's children, especially the three older ones, ages 11, 14 and 16, are difficult. Defendant's family has apparently not assisted them and they are living together alone in the defendant's home. The letters from defendant's son describing these conditions as well as from defendant's friend and the head of her children's school both attest to the privations the children are suffering.

Defendant's own letter takes full responsibility for her acts and expresses remorse for her conduct and acknowledges her understanding of the reality that only a life without further criminality will assure her presence for her children. She has again made those statements before me today.

Defendant's offense is a serious one, but I do believe it to be mitigated somewhat by her circumstances and those of her children. Her deportation and inevitable prohibition against future reentry will amply protect the public and, in any event, I believe defendant will be deterred from future criminality by the six-month period of incarceration she has already served.

GR      OCR      CM      CRR      CSR

1　　　　For these reasons, I believe the purposes of

2　sentence will be amply achieved by the proposed sentence and

3　that any potential disparities are accounted for by the

4　circumstances of the defendant and her family, coupled with

5　the imposition of a sentence only four months shy of one

6　called for by the guidelines.

7　　　　Further, though by no means determinative,

8　defendant's immigration status will no doubt result in further

9　imprisonment before she is deported, which may well

10　approximate the four-month differential in jail time.

11　　　　I will therefore sentence Ms. Cox to a period of

12　time served, to be followed by a three-year period of

13　supervised release, with special condition that if excluded

14　she not illegally reenter the United States.

15　　　　Obviously, I prohibit the possession of a firearm.

16　　　　I make a finding that she is unable to pay a fine,

17　but I will impose the mandatory $100 special assessment.

18

19

20

21

22

23

24

25